UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAABIR ABDULLAH, a/k/a
IMAM-SAABIR ABDULLAH,
a/k/a BOBBY LEE WEBBER, JR.,

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants.

Case No. 1:17-cv-411

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is the most recent in a series of civil actions brought *pro se* by Saabir Abdullah.[1] Plaintiff's complaint is labeled as a "Writ of Mandamus Contempt of Supreme Court and Consular Court Demand for Immediate Release."[2] (ECF No. 1, PageID.1). The caption lists the following defendants: United States of America, "the White House," "ALL SUB-CORPORATIONS DOING BUSINESS AS STATE OF MICHIGAN," and Kent County Child Support Enforcement. (Complaint at 1, ECF No. 1, PageID.1). Plaintiff indicates that he is facing charges for "non-payment of child support." (*Id.* at 7, PageID.7). He invokes the Treaty of Peace and Friendship of 1836

---

[1]Plaintiff is proceeding *pro se* and is limited to representing himself on his own claims. *See* 28 U.S.C. § 1654; *see also Belser v. Woods*, No. 2:16-cv-134, 2016 WL 6975936, at *5 (W.D. Mich. Nov. 29, 2016) (collecting cases). All plaintiff's allegations purporting to act as a representative of others are disregarded.

[2]"There is one form of action – the civil action." FED. R. CIV. P. 2. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Other labels that plaintiff placed on his complaint are inconsequential.

between Morocco and the United States (*Id.* at PageID.2) and the United Nations Convention on the Prevention and Punishment of Genocide (*Id.* at PageID.10). Plaintiff seeks "immediate release" from wherever he is being held, based on his belief that the charges that he faces for failure to pay child support are "fraudulent." (*Id.* at 10, PageID.10).

The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (ECF No. 4). Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Davis-Bey v. Michigan*, No. 14-12167, 2014 WL 2746086, at *1 (E.D. Mich. June 17, 2014). For the reasons set forth herein, I recommend that plaintiff's complaint be dismissed and that plaintiff be denied the privilege of proceeding *in forma pauperis* in any future lawsuits that he files in this Court.

## Discussion

### I. Factual Allegations

Plaintiff states that he is an "Aboriginal Indigenous Moor National." (Complaint at 2, PageID.2). He indicates that he is facing charges for non-payment of child support. (*Id.* at 7 PageID.7). The remainder of his complaint is argument.

## II. Sovereign Immunity

Plaintiff named the United States and the State of Michigan as defendants. I find that all plaintiff's claims against these defendants are barred by sovereign immunity. *See Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013); *Abdullah v. Quist*, No. 1:17-cv-24, 2017 WL 762402, at * 2 (W.D. Mich. Feb. 28, 2017).

## III. Failure to State a Claim

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that the Court dismiss plaintiff's complaint for failure to state a claim.

Plaintiff has failed to plead facts sufficient to state a claim on which relief can be granted against any defendant. Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to sustain a claim. *See In re Omnicare, Inc Sec. Litig.*, 769 F.3d 455, 469 (6th Cir. 2014). In addition, the treaty and United Nations convention invoked by plaintiff do not create any private cause of action. *See Bey v. Ohio*, No. 1:11-cv-1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011); *accord Aslani v. Lewis*, No. 1:08-cv-298, 2011 WL 13074041, at *3 (W.D. Mich. Jan. 10, 2011).

## IV. Sanctions

Proceeding *in forma pauperis* is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *see also Glick v. Townsend*, 15-35587, __ F. App'x __, 2017 WL 393738, at *1 (9th Cir. Jan. 30, 2017); *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right" and courts have discretion to revoke that privilege when it no longer serves its goals). It is well established that federal courts have inherent powers to impose appropriate sanctions to deter future frivolous lawsuits and/or relitigation of the same lawsuit and frivolous and vexatious litigation. *See Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995).

Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. *See Day v. Day*, 510 U.S. 1, 5 (1993). A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re McDonald*, 489 U.S. 180, 184 (1989); *see also In re Sindram*, 498 U.S. 177, 179-80 (1991) ( "The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims]."). " 'Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit....' " *Ohio v. Ealy*, Nos. 1:09-cv-245, 1:09-cv-246, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (quoting *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995)). "It is well-settled that a plaintiff's *pro se* status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009).

Federal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (given the plaintiff's "near obsession regarding his former employer, injunctive means [was] the only means that offer[ed] any chance of preventing further harassment"); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *see also Haddad v. Mich. Nat'l Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2 (W.D. Mich. June 10, 2010) (listing a "variety of sanctions"

federal courts have imposed to curb abusive lawsuits). Both the Supreme Court and the Sixth Circuit have reaffirmed the district court's inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997); *accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). A prerequisite to the exercise of such power is a finding that a litigant has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Big Yank*, 125 F.3d at 313; *see also Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003). The concept of bad faith is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim is brought in bad faith if it is frivolous. *Id.*; *see Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990).

Objectively, the present lawsuit was filed vexatiously and in bad faith. Plaintiff persists in filing patently meritless lawsuits. *See e.g.*, *Abdullah v. Dep't of Human Servs.*, et al., 1:16-cv-1056 (W.D. Mich. Oct. 14, 2016) (plaintiff's claims dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief could be granted against the Department of Human Services, Grand Rapids Police Department, Brian Groom, S. Partner, Kent County Correctional Facility, Accountants, Court Services, Friend of the Court, 17th Judicial Court Judge and Prosecutor); *Abdullah v. Heffron, et al.*, 1:16-cv-1122 (W.D. Mich. Sept. 23, 2016) (plaintiff's claims against William Heffron, Islamic Center, and Deputy Sheriff Ed Kolakowski were dismissed pursuant to 28 U.S.C. § 1915(e)(2) because, at best, the complaint failed to state a claim upon which relief could be granted and, at worst, it was patently

frivolous); *Abdullah v. Unknown Delage, et al.*, 1:16-cv-1123 (W.D. Mich. Oct 25, 2016) (plaintiff's claims against Unknown Delage and others dismissed for failure to state a claim and certification under 28 U.S.C. § 1915(a)(3) that an appeal of the decision would not be taken in good faith); *Abdullah v. Lake, et al.*, 1:16-cv-1294 (W.D. Mich Dec. 7, 2016) (dismissing plaintiff's claims against the City of Grand Rapids, Grand Rapids Police Chief, Deputy Chief Daniel Savage, Deputy Chief David Kiddle, Lieutenant Mark Ostapowicz, Officer Donald Lake, Grand Rapids City Manager, Grand Rapids Administrative Services' Managing Director, Michigan Secretary of State, Michigan Attorney General, and United States Attorney General for failure to state a claim on which relief could be granted); *Abdullah v. Quist, et al.*, 1:17-cv-24 (W.D. Mich. 2017) (dismissing plaintiff's claims because Kent County Circuit Court Judge Jay Quist was entitled to judicial immunity, the Michigan Department of Corrections was entitled to sovereign immunity, failed to state a claim upon which could be granted against Kent County and certifying under 28 U.S.C. § 1915(a)(3) that an appeal of the decision would not be taken in good faith).

The Court's exercise of its inherent powers cannot completely foreclose a litigant from access to the court. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). However, the right of access to courts is neither absolute or unconditional, and there is no right of access to the courts to prosecute an action that is frivolous and malicious. *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989); *Lawrence v. Bevin,* No. 1:16-cv-P161, 2017 WL 1103616, at * 3 (W.D. Ky. Mar. 24, 2017); *Reid v. Mabus*, No. 1:15-cv-2054, 2015 WL 7430078, at * 2 (N.D. Ohio Nov. 18, 2015).

Plaintiff's history of frivolous litigation in this Court requires a meaningful deterrent.[3] Where, as here, a litigant has a clear pattern of abusing the privilege of proceeding *in forma pauperis*, the Court may deny him the privilege of initiating any further actions *in forma pauperis*. *See Martin v. Dist. of Columbia Ct. of App.*, 506 U.S. 1, 3 (1992) (*per curiam*); *see also LeBlanc v. Lightvoet*, 136 S. Ct. 1191 (2016); *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Weber v. Lousiville Metro. Police Dep't*, No. 3:16-cv-779, 2017 WL 1293019, at *2-3 (W.D. Ky. Apr. 5, 2017); *LaMie v. Smith*, No. 1:12-cv-1299, 2014 WL 1686145, at *21-22 (W.D. Mich. Apr. 29, 2014).

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted  I recommend that plaintiff be denied the privilege of proceeding *in forma pauperis* in any future lawsuits that he files in this Court. I recommend that, if this report and recommendation is adopted and if plaintiff pursues an appeal of the judgment dismissing this lawsuit, plaintiff should be required to pay the full appellate filing fee because there is no good faith basis for an appeal. 28 U.S.C. § 1915(a)(3).

Dated:  May 17, 2017                    /s/  Phillip J. Green
                                        United States Magistrate Judge

---

[3]Requiring Court review of any proposed future filings by plaintiff would likely result in waste of scarce judicial resources. *See Sassower v. American Bar Ass'n*, 33 F.3d 733, 736 (7th Cir. 1994).

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).